UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE DAVIS, ANNA MACIAS
AND LEONARDO MACIAS, individually
and on behalf of a class of similarly situated
individuals,

    Plaintiffs,
v.                                                          Case No.: 8:17-cv-2431-T-17AAS

GENERAL MOTORS LLC, a
Delaware limited liability company,

    Defendant.
_____/

## ORDER

General Motors LLC ("GM") moves for a stay of discovery, including initial disclosures, pending the court's ruling on GM's Motion to Dismiss Complaint (Doc. 15). (Docs. 32, 41). The plaintiffs oppose the stay. (Doc. 34).

District courts have inherent power to control their dockets and manage their cases. *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This inherent power includes the discretion to stay the proceedings. *Andersons, Inc. v. Enviro Granulation, LLC*, Case No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at * 2 (M.D. Fla. Aug. 14, 2014).

Courts in this district have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citations omitted). The Middle District Handbook on Civil Discovery Practice states:

Normally, the pendency of a motion to dismiss or a motion for summary judgment

1

> will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. *Such motions for stay are rarely granted.* However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2015) at § I.E.4 (emphasis added). In deciding a defendant's request for a stay of discovery pending a ruling on a dispositive motion, "it is necessary for the court to 'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. When evaluating whether a motion to dismiss is "clearly meritorious," courts consider whether "any binding Eleventh Circuit authority" clearly requires dismissal of the claims. *See Meyer v. Diversified Consultants, Inc.*, Case No. 3:14-cv-393-J-34JBT, 2014 WL 5471114, at *2 (M.D. Fla. Oct. 29, 2014).

A preliminary review of GM's motion to dismiss reveals that it does not meet the stringent "clearly meritorious" standard. After balancing the harm created by a discovery delay against the possibility that GM's motion will be granted, the court concludes that the balance tips in favor of requiring discovery to go forward.

Accordingly, upon consideration, it is **ORDERED** that Defendant's Motion to Stay Discovery Pending the Dispositive Motion to Dismiss (Doc. 32) is **DENIED**.

**ORDERED** in Tampa, Florida on this 6th day of March, 2018.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge